WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehmood Mohiuddin, | No. CV-22-00038-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Richard Joel Stern, individually and as City Attorney for the City of Apache Junction; City of Apache Junction; James Johnson; Bambi Johnson; John Insalaco; and Susan Insalaco, | |
| Defendants. | |

Defendants James and Bambi Johnson and John and Susan Insalaco have filed motions to dismiss Plaintiff Mohiuddin's claims against them under Arizona's anti-SLAPP statute. Docs. 27, 28. The statute targets lawsuits intended to discourage persons from engaging in free speech in the petitioning of government. *See* A.R.S. § 12-752; Doc. 28-1 at 2 (SLAPP stands for "strategic lawsuits against public participation"). Courts must dismiss such lawsuits unless the plaintiff can show that the petitioning activities of the defendant lacked any reasonable factual support or arguable basis in law and caused the plaintiff injury. § 12-752(A). Motions to dismiss based on the statute are to be filed early in a lawsuit and resolved promptly. *Id*.; § 12-752(C). Defendants' motions were filed on March 28, 2022, and are fully briefed. Docs. 27, 28, 33, 34, 35. The Court held oral argument on April 20, 2022, and will now grant the motions.

### I. Background.

Plaintiff owns The Hitching Post Saloon in Apache Junction, Arizona. Doc. 10 ¶ 8. In 2015, Plaintiff began hosting bull-riding shows on Thursday and Saturday evenings in an arena built to the north of the saloon. *Id.* ¶ 9. Defendant Johnson lives nearby. *Id.* ¶ 15; Doc. 27 at 2. Defendant Insalaco is the former mayor of Apache Junction. *See* Doc. 10 ¶ 5. Plaintiff is Pakistani-American and alleges that Defendants Johnson and Insalaco engaged in a racially-motivated campaign to "run him out of town." *Id.* ¶¶ 10-14. He alleges that Defendant Johnson encouraged his neighbors to make baseless noise complaints about the bull-riding shows to the Apache Junction Police Department, and that Defendant Insalaco "attended City Council meetings to advocate for Mr. Johnson and his neighbors." *Id.* ¶¶ 16-18.

Based in part on these actions, Plaintiff alleges that criminal nuisance charges were brought against him personally. *Id.* ¶ 21.[1] The charges were filed by the Pinal County Attorney's Office on referral from Apache Junction, and Plaintiff was convicted of criminal public nuisance in the Apache Junction Justice Court. On appeal, the Pinal County Superior Court reversed the conviction. Doc. 34-1 at 2. The court found that the prosecution had failed to show that the claimed nuisance interfered with the enjoyment of life or property by a "considerable number of people," as required by Arizona law, because the prosecution presented evidence of the effects of the bull-riding shows on only five households. *Id.* at 3. The court also found that the prosecution had not proved that Plaintiff individually, as opposed to the enterprise he owns, caused the excessive noise. *Id.* at 5 & n.1.

After the reversal of his conviction, Plaintiff filed this lawsuit for malicious prosecution under 42 U.S.C. § 1983 against Defendants Joel Stern and the City of Apache Junction (Count I), and for malicious prosecution under Arizona law against all Defendants (Count II). *See* Doc. 10. This is the second civil suit based on neighbor noise complaints. In 2018, Plaintiff's saloon brought suit in Arizona state court against

---

[1] Plaintiff alleges other actions by Defendant Richard Stern, City Attorney for Apache Junction, but they are not at issue in these motions.

Defendants Johnson, Insalaco, and others for defamation, tortious interference with prospective economic advantage, and other claims. *See* Doc. 27 at 21-31. The state court dismissed the claims on the basis of the anti-SLAPP statute with the exception of claims for defamation, conspiracy to defame, and conspiracy to tortiously interfere insofar as they were based on alleged false and derogatory comments about Plaintiff. *Id.* at 34. The state court eventually dismissed the rest of the case for lack of prosecution. *Id.* at 37.

## II.     Legal Standard.

Arizona's anti-SLAPP statute protects the "[e]xercise of the right of petition." A.R.S. § 12-752(A). That right is defined as written or oral statements that fall within the constitutional protection of free speech and are (a) made before or submitted to a legislative or executive body or any other governmental proceeding; (b) made in connection with an issue that is under consideration or review by a legislative body or any other governmental proceeding; and (c) made for the purpose of influencing a governmental action, decision, or result. A.R.S. § 12-751(1). If a legal action is based on conduct that meets this definition, the statute states that a court "shall" grant a motion to dismiss unless the plaintiff shows that "the moving party's exercise of the right of petition did not contain any reasonable factual support or any arguable basis in law and that the moving party's acts caused actual compensable injury to the responding party." A.R.S. § 12-752(B). Thus, in a motion under the statute, the moving defendant must show that the lawsuit involves the exercise of the right of petition and the burden then shifts to the plaintiff to show that the exercise of the right involved no reasonable factual support or arguable basis in law and caused the plaintiff compensable injury. *See Tennenbaum v. Ariz. City Sanitary Dist.*, 799 F. Supp. 2d 1083, 1086 (D. Ariz. 2011).

## III.    Defendants' Motions.

Defendants Johnson and Insalaco, whom the Court will refer to as "Defendants," move to dismiss the only claim against them – malicious prosecution as charged in Count II of Plaintiff's amended complaint. Doc. 10. Count I and the remainder of Count II against Defendant Stern and the City are not challenged and will remain in this case.

### A. Exercise of the Right of Petition.

Defendants bear the burden of showing that their challenged actions constituted the "[e]xercise of the right of petition" as defined in the statute. *See* A.R.S. § 12-751(1). Defendant Insalaco asserts that petitioning the government for redress of grievances is a fundamental First Amendment right and that noise complaints to law enforcement are absolutely privileged. Doc. 28 at 5 (citing *Ruiz v. Hull*, 957 P.2d 984 (Ariz. 1998); *Ledvina v. Cerasani*, 146 P.3d 70 (Ariz. Ct. App. 2006)). Defendant Johnson asserts that noise complaints to law enforcement are protected as "attempts to influence the passage or enforcement of laws." Doc. 27 at 7 (citing *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135 (1961)).

Defendants both rely on a recent decision of the Arizona Court of Appeals in a similar case, *BLK III, LLC v. Skelton*, 2022 WL 480946 (Ariz. Ct. App. 2022). Docs. 27 at 6-7, 28 at 6-7. The plaintiff in *BLK* was a business that regularly featured live music. The business brought a defamation case against neighbors who lived nearby, alleging that they conspired to "intentionally destroy" the business by making false noise complaints to law enforcement and soliciting help from city council members to have its use permit revoked. 2022 WL 480946, at *1. Affirming the trial court's dismissal of the case under the anti-SLAPP statute, the court of appeals held that "reports to the police and statements made to city council members" fall within the statute's "broad definition" of "governmental proceeding." *Id.* at *4, *5.[2]

Plaintiff's response does not dispute that Defendants exercised their right of petition within the meaning of the anti-SLAPP statute. Doc. 33 at 3. The Court finds that Defendants have met their burden on this issue.

---

[2] Because *BLK* was a defamation action and defamatory statements are not constitutionally protected, *BLK* addressed whether the defendants' alleged statements were constitutionally protected by considering whether they were false and defamatory. It found that the plaintiff failed to present any specific evidence about what was said by defendants or why it was false, and therefore rejected the plaintiff's argument that the statements were not constitutionally protected. 2022 WL 480946, at *4. Plaintiff's malicious prosecution claim does not turn on the falsity of statements allegedly made by Defendants, so the inquiry here is somewhat different.

The statute defines "[e]xercise of the right to petition" as having two components: (a) "a written or oral statement that falls within the constitutional protection of free speech," and (b) that is made "to a legislative or executive body," "in connection with an issue that is under consideration," and "for the purpose of influencing a government action." A.R.S. § 12-751(1)(a)-(c).

The first requirement is satisfied. The conduct Plaintiff complains of – making and encouraging noise complaints to law enforcement and the city council (Doc. 10 ¶¶ 16-18) – enjoys First Amendment protection. "The right to petition for redress of grievances is one of the fundamental rights guaranteed by the First Amendment." *Ruiz v. Hall*, 957 P.2d 984, 1000 (Ariz. 1998) (citing *United Mine Workers of Am. v. Ill. State Bar Ass'n*, 389 U.S. 217, 222 (1967)). Plaintiff makes no argument and cites no authority to the contrary. Doc. 33 at 3.

The second requirement is also satisfied. Complaints made to a city council are made to a legislative body, *Riedel v. Fuentes*, No. 1 CA-CV 18-0171, 2019 WL 1220773, at *4 (Ariz. Ct. App. Mar. 14, 2019), complaints made to law enforcement are made to an executive body, *BLK*, 2022 WL 480946, at *5, and whether The Hitching Post Saloon was complying with noise ordinances or committing a public nuisance was "under consideration" by these executive and legislative bodies, as shown by the ultimate decision to bring public nuisance charges. *See Riedel*, 2019 WL 1220773, at *2 ("An issue is 'under consideration or review' if it is subject to reflection, inspection, or examination by the governmental body."). And the fact that Defendants' actions were taken for the purpose of "influencing a government action" is undisputed – indeed, it is Plaintiff's central thesis that Defendants influenced the government to charge him with criminal nuisance. *See* A.R.S. § 12-751(1)(c); Doc. 10 ¶ 16; Doc. 27 at 8; Doc. 28 at 7. As *BLK* held, "reports to the police and statements made to city council members . . . fall within the scope of A.R.S. § 12-752's protection." 2022 WL 480496 at *4.

During oral argument, Plaintiff's counsel claimed that Plaintiff is not suing on the basis of Defendants' noise complaints to police or comments to the city council. Counsel

argued instead that Plaintiff is suing Defendants because they orchestrated, with Defendant Stern, the criminal nuisance charges brought against him. But the allegations of Plaintiff's amended complaint make clear that he is suing over complaints and comments Defendants made to the police and city council. The first amended complaint alleges that "Johnson and Insalaco reached an agreement to engage in a personal vendetta against [Plaintiff] to run him out of town." Doc. 10 ¶ 14. The complaint then describes the specifics of the alleged agreement:

> Messrs. Johnson and Insalaco agreed that Mr. Johnson would rally his neighbors to initiate a campaign of nuisance calls to the Apache Junction Police Department, and that Mr. Insalaco would use his connections with the City to push for criminal charges to be brought against Mo, all for the purpose of running Mo out of town.
>
> Mr. Johnson began a campaign to encourage his neighbors to file baseless nuisance complaints against The Hitching Post.
>
> Mr. Insalaco attended City Council meetings to advocate for Mr. Johnson and his neighbors with respect to their baseless complaints.

*Id.* ¶¶ 16-18.

Plaintiff thus alleges that Defendant Insalaco made arguments before the city council and Defendant Johnson encouraged his neighbors to make noise complaints to the police. Plaintiff identifies no other specific actions of Defendants. *See* Doc. 10. As discussed above, Defendant Insalaco's advocacy before the city council clearly falls within the scope of the anti-SLAPP statute. And Plaintiff cites no authority for the proposition that Defendant Johnson's alleged encouragement of noise complaints was not protected activity. The Ninth Circuit has held that the organization and encouragement of conduct protected by the First Amendment is itself protected. *See*, *e.g.*, *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1193 (9th Cir. 2006) (holding that encouragement to oppose development was protected by the right to petition the government for redress of grievances); *White v. Lee*, 227 F.3d 1214, 1227 (9th Cir. 2000) (finding organization of neighbors to oppose development for discriminatory reasons was protected because the right of petition is inseparable from the right of assembly). The Court accordingly finds that Defendant Johnson's encouraging of his neighbors to

complain about noise from the bull-riding shows is activity protected by the anti-SLAPP statute.

Plaintiff alleges that Defendant Johnson encouraged his neighbors to make "baseless" noise complaints. Doc. 10 ¶ 17. But these are not Rule 12(b)(6) motions where the Court must accept Plaintiff's allegations as true, and he submits no evidence that the complaints were in fact baseless, as the anti-SLAPP statute permits him to do. *See* A.R.S. § 12-752(B). In addition to Defendant Johnson's declaration that "[t]he bull riding shows were incredibly loud, disturbing, and disruptive, and I could hear all of the noise from the inside of my home," the judicial record in this case suggests that the noise complaints were not baseless. The state court which overturned Plaintiff's nuisance conviction found "clear evidence" that noise from the shows adversely affected neighbors. *See* Doc. 34-1 at 4.[3]

Plaintiff's counsel stated at oral argument that discovery in this litigation would prove his claim that Defendants conspired with Stern to bring about his criminal prosecution. But the anti-SLAPP statute anticipates early filing and early resolution of motions to dismiss. A.R.S. § 12-762(A)-(C). And as noted above, the only Defendant conduct that Plaintiff identifies in his complaint is encouraging noise complaints and advocating before the city council. Doc. 10 ¶¶ 16-18. Plaintiff filed a declaration, but it states only that he does "not believe Defendants' efforts to have criminal charges brought against me personally had any reasonable factual support or arguable basis in law; rather, Defendants orchestrated criminal charges against me personally because they do not like the fact that I am from Pakistan, a fact that they have made clear." Doc. 33-1 at 2. This

---

[3] Defendant Johnson's affidavit states that he spoke to his "neighbors about the bull riding arena's noise being disturbing and a nuisance" and "contacted local law enforcement about the noise levels being a nuisance[.]" Doc. 27 at 14. He denies that he "rallied any neighbors to initiate any sort of campaign of nuisance calls." *Id.* With this statement being made by Defendant Johnson under penalty of perjury, and with Plaintiff presenting no contrary sworn evidence as he is permitted to do by the statute, the Court finds for purposes of these motions that Defendant Johnson did not encourage his neighbors to file noise complaints. But even he did, organizing and encouraging neighbors to file complaints with police and the city council is protected conduct within the scope of the anti-SLAPP statute, as explained above.

1  statement identifies no additional conduct of Defendants that forms the basis for
2  Plaintiff's complaint.[4]

3  Finally, Plaintiff argues that this case is not controlled by *BLK* because Plaintiff
4  asserts claims for malicious prosecution, not defamation. But the anti-SLAPP statute
5  makes no distinction based on the type of claim brought. It focuses instead on the
6  conduct of the defendant that is challenged in the lawsuit and whether that conduct
7  constitutes the "[e]xercise of the right of petition" and is supported by a factual and legal
8  basis – the issues resolved in this order. A.R.S. §§ 12-751(1), 12-752(A) and (B).

### B.  Plaintiff's Burden.

Because Defendants have met their burden of showing that this case involves the exercise of their right of petition, the burden shifts to Plaintiff to show that the exercise did not contain any reasonable factual support or any arguable basis in law and caused actual injury. A.R.S. § 12-752(B). This is where Plaintiff stakes his primary argument. He asserts that the decision of the Pinal County Superior Court reversing his criminal nuisance conviction shows that there was no reasonable factual support or arguable legal basis for Defendants' actions. Doc. 33 at 3-4. This is not persuasive.

The superior court did not reverse Plaintiff's conviction because noise complaints made against The Hitching Post Saloon lacked any reasonable factual support or arguable basis in law. Rather, the court reversed Plaintiff's conviction because five complaining neighbors did not amount to the "considerable number of persons" required for a public nuisance under Arizona law. Doc. 34-1 at 3. If anything, the superior court's decision supports Defendants' position that their complaints about noise from the bull-riding shows had a reasonable factual basis. As noted above, the court found "clear evidence"

---

[4] Without identifying when or to whom, Plaintiff alleges that Defendants made racially offensive statements about him. Doc. 10 ¶¶ 11-13. These alleged statements are not, however, the basis for his claims against Defendants. The amended complaint is based on Defendants' alleged encouragement of noise complaints to police and arguments before the city council, which Plaintiff alleges were designed to result in his prosecution for criminal nuisance. Plaintiff cites the allegedly racist statements to support his allegation that Defendants were motivated by racial animosity, but he does not base his claim on the alleged offensive statements and he does not argue that complaints to police or a city council lose their constitutional protection when animated by racial hostility.

- 8 -

that the noise affected neighbors, and even detailed some of the steps neighbors took to deal with the noise "such as having to close doors and windows and turn up the volume on their TV's [*sic*] to drown out the noise, having their sleep affected, being irritated by the noise, and replacing windows with double-paned windows in attempts to dampen the sound." *Id.* at 4.

The superior court also reversed the conviction because it was against Plaintiff personally, rather than The Hitching Post Saloon, and the evidence presented at trial did not show that Plaintiff personally engaged in the charged conduct. *Id.* at 5. But a finding that evidence presented by the Pinal County Attorney failed to prove Plaintiff's personal liability is not the same as a finding that Defendants' noise complaints to the police or arguments to the city council lacked a reasonable factual basis or arguable support in law. And Plaintiff presents no other evidence to show that Defendants' conduct lacked such support. A.R.S. § 12-752(B).[5] Plaintiff accordingly has not met his burden.[6]

This decision is bolstered by the Arizona Court of Appeals' decision in *BLK*. That case held that a plaintiff seeking to show that the defendant's conduct falls outside the protection of the anti-SLAPP statute must be specific in identifying the challenged conduct and showing why it is not protected. As already noted, *BLK* was a defamation case, and defamatory statements are not constitutionally protected. To defeat a motion under the anti-SLAPP statute, the court of appeals held that "the plaintiff must clearly identify and specifically allege the content and context of the challenged statements and why and how they were defamatory." 2022 WL 480946 at *4. Because the plaintiff

---

[5] Other than a declaration stating Plaintiff's personal belief (Doc. 33-1 at 2), Plaintiff provided no affidavits or exhibits from which the Court could find that Defendants' conduct was deficient in the ways the statute requires. Plaintiff suggested at oral argument that it is too early in the litigation for many of these facts to be available, but the statute provides a 90-day time limit for Defendants to file their motions, *see* § 12-752(C), and Plaintiff made no request to extend the briefing or argument schedule in order to allow discovery. Plaintiff's counsel mentioned some additional documents during oral argument, but those documents were not submitted to the Court in connection with these motions.

[6] Because Plaintiff does not meet his burden of showing a lack of reasonable factual support or arguable basis in law, the Court need not address whether Defendants' conduct caused him actual injury.

failed to provide this level of specificity, the court of appeals affirmed dismissal of the complaint:

> BLK did not identify any specific complaint the Defendants made, nor did it show why any specific complaint was false. Instead, BLK offered broad summaries of complaints it asserts the Defendants made, but those summaries lack the requisite specificity to allow the court to determine that they contained objectively verifiable statements of fact, as BLK asserts. For this reason, the superior court properly rejected BLK's contention that the Defendants' noise complaints were not constitutionally protected because they were defamatory.

*Id.*

Plaintiff uses the same flawed tactic here. He speaks only in generalities. He never identifies a statement made by Defendants Johnson or Insalaco in encouraging neighbors to make noise complaints to police or in arguing before the city council. And he never explains why those statements were not adequately supported in fact or law. Like the state court in *BLK*, this Court will reject Plaintiff's general arguments that Defendants' actions were not protected under the anti-SLAPP statute.

Lastly, Plaintiff argues that dismissal under the anti-SLAPP statute is inappropriate because the factual allegations in his complaint support a malicious prosecution claim. Doc. 33 at 5. But as noted, these are not Rule 12(b)(6) motions that test the sufficiency of the allegations. Arizona's anti-SLAPP statute provides a different legal basis for dismissal. In support of his argument that malicious prosecution claims should not be dismissed under the statute, Plaintiff cites various cases interpreting California's anti-SLAPP statute. *See id.* at 5-6. But that statute is different than Arizona's in an important way: to defeat a motion to dismiss, it requires merely that the plaintiff show there is a probability of prevailing on the claim. Cal. Civ. Proc. Code § 425.16(b)(1). This California test focuses on the plaintiff's case, not the basis for the defendant's underlying conduct. And it establishes a lower burden than Arizona's statute, which requires a plaintiff to show that the defendant's underlying conduct lacked either reasonable factual support or an arguable basis in law and caused actual compensable injury. The California cases are not relevant.

Plaintiff also cites a case applying the Massachusetts anti-SLAPP statute, which is similar to Arizona's. Doc. 33 at 6 (citing *Katz v. Carriage Hill, LLC*, 20 Mass. L. Rptr. 29, *3-5 (Mass. Super. Aug. 22, 2005); *see also* M.G.L. c.231 § 59H. But the case deals with judicially-created exceptions to the anti-SLAPP statue that do not exist in Arizona. *See Katz*, 20 Mass. L. Rptr. at *5. The case is not relevant to whether Plaintiff has met his burden under Arizona law.

**IV.     A.R.S. § 12-752(B) Findings.**

Arizona's statute requires the Court to make findings about whether this lawsuit was brought for an improper purpose, such as to deter or prevent Defendants from exercising constitutional rights, to harass, or to cause unnecessary delay or needless increase in the cost of litigation. A.R.S. § 12-752(B). If the Court finds an improper purpose, the statute encourages Defendants to pursue additional sanctions. *Id.*

Defendant Johnson asks the Court to make a finding that the lawsuit was brought for an improper purpose. Doc. 27 at 9. This is warranted, he claims, because of The Hitching Post Saloon's prior civil suit against Defendants in which most of the claims were dismissed under the anti-SLAPP statute. *Id.* at 8-9. Defendant Johnson argues that this case "represents nothing more than Plaintiff trying to get a second bite at the apple by making cosmetic changes to his claims" and attempting to "circumvent[] procedural hurdles to continue his vendetta to silence Defendants with frivolous litigation." *Id.* at 9.

The Court will not make the requested finding. The fact that Plaintiff's business brought a prior suit that was dismissed partially under the anti-SLAPP statute does not alone show that Plaintiff brought this lawsuit for the purpose of harassing Defendants or deterring them from exercising their constitutional rights, particularly when this case is brought against a different set of defendants, after dismissal of the criminal case, and on the basis of claims available only after the criminal case was dismissed. What is more, the claims in this case against Defendants Stern and the City of Apache Junction are not being dismissed. Those claims will continue.

**IT IS ORDERED:**

1. Defendants' motions to dismiss (Docs. 27, 28) are **granted**. Count II of Plaintiff's complaint against Defendants Johnson and Insalaco and their spouses is **dismissed** with prejudice pursuant to A.R.S. § 12-752.

2. An award of costs and reasonable attorney's fees is statutorily required. A.R.S. § 12-752(D). Defendants shall file motions for their proposed costs and fees, that comply with LRCiv 54.2(c)-(e), by **May 6, 2022**. Plaintiff shall file responses that comply with LRCiv 54.2(f) by **May 20, 2022**. Defendants shall file replies by **May 27, 2022**.

Dated this 26th day of April, 2022.

*David G. Campbell*
David G. Campbell
Senior United States District Judge