WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehmood Mohiuddin,<br><br>    Plaintiff,<br><br>v.<br><br>Richard Joel Stern, individually and as City Attorney of the City of Apache Junction; the City of Apache Junction; James Johnson; Bambi Johnson; John Insalaco; and Susan Insalaco,<br><br>    Defendants. | No. CV-22-00038-PHX-DGC<br><br>**ORDER** |

Plaintiff Mehmood Mohiuddin brings this action pursuant to 42 U.S.C. § 1983 and Arizona state law. Docs. 1, 10. Defendants Richard Stern and the City of Apache Junction move for summary judgment.[1] Doc. 88. The motion is fully briefed and no party requests oral argument. For reasons stated below, the Court will grant Defendants' motion.

**I.    Background.**

Plaintiff owns The Hitching Post Saloon in Apache Junction, Arizona. Doc. 95 ¶ 1. Plaintiff lives in Pinal County and is Pakistani-American. Doc. 10 ¶¶ 1, 8. In 2018, The Hitching Post hosted events in an outdoor bull riding arena on Thursday and Saturday evenings. Doc. 95 ¶¶ 5-6. Neighbors filed noise complaints about the events with the Apache Junction Police Department. *Id.* ¶¶ 2, 11-14.

Defendant Stern is the City Attorney for Apache Junction. Doc. 10 ¶ 2. He investigated the complaints and, upon learning his office had a conflict of interest, referred

---

[1] Plaintiff's claims against Defendants Johnson and Insalaco and their spouses were previously dismissed with prejudice. *See* Docs. 39, 50.

the investigation to the Pinal County Attorney's Office. Doc. 95 ¶ 3; *see also* Doc. 89-4 at 2. The County Attorney's Office conducted an investigation and decided to charge Plaintiff with criminal nuisance. Doc. 95 ¶¶ 7-10.

In May 2020, Plaintiff was convicted in the Apache Junction Justice Court. *Id.* ¶¶ 18-19; *see also* Doc. 89-3 at 2-5. Plaintiff appealed and the Pinal County Superior Court reversed the conviction. *Id.* ¶¶ 20-21.

Plaintiff then filed this suit for malicious prosecution. *See* Doc. 10; Doc. 95-1 at 73-78. Plaintiff alleges that Defendants' investigation and referral to the Pinal County Attorney was driven "by racial animosity toward" Plaintiff and "by a desire to force [Plaintiff] to close" The Hitching Post. Doc. 10 ¶ 24. Plaintiff seeks attorney's fees associated with his criminal case and unspecified damages, including for medical bills and pain and suffering. *Id.* at ¶¶ 38, 43.

## II. Legal Standard.

Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is warranted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 317. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment – the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and draw justifiable inferences in that party's favor, *Anderson*, 477 U.S. at 255.

/ / /

### III. Discussion.

Plaintiff asserts a claim for malicious prosecution against Defendant Stern under 42 U.S.C. § 1983, and the same claim against all Defendants under Arizona law. Doc. 1-3 at 6-7. The Court looks to Arizona law for the elements of both the state and federal claims. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). In Arizona, "[t]he essential elements of malicious prosecution are (1) a criminal prosecution, (2) that terminates in favor of plaintiff, (3) with defendants as prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages." *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975); *Bearup v. Bearup*, 596 P.2d 35, 36 (Ariz. Ct. App. 1979).

"A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others – including police officers and investigators – who wrongfully caused his prosecution." *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (citing *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002)); *Awabdy*, 368 F.3d at 1066 ("Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed.").

Defendants Stern and the City are entitled to summary judgment for two reasons. First, Plaintiff was prosecuted by the Pinal County Attorney's Office, not Defendants, and Plaintiff produces no evidence that Defendants influenced or caused the prosecution. Second, the absence of probable cause is an element of malicious prosecution, and Plaintiff presents no evidence of such an absence in this case.

### A. Prosecutorial Independence.

In federal cases, a presumption of prosecutorial independence assumes that the County made an independent decision to prosecute Plaintiff and that Defendants Stern and the City therefore are not liable for malicious prosecution. *See Poppell v. City of San Diego*, 149 F.3d 951, 962 (9th Cir. 1998). The presumption is rebutted when local officials "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith

conduct . . . instrumental in causing the initiation of legal proceedings." *Awabdy*, 368 F.3d at 1067; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("This presumption may be rebutted by showing, for example, that the prosecutor was pressured or caused by the investigating officers to act contrary to his independent judgment or that the investigating officers presented the prosecutor with information known by them to be false.") (cleaned up). If the presumption is not rebutted, local officials are not liable. *Poppell*, 149 F.3d at 962.

Similarly, under Arizona law, a local official is not liable "where a prosecuting attorney is left to judge the propriety of proceeding with the charge and acts on his own initiative in doing so." *Walsh v. Eberlein*, 560 P.2d 1249, 1252 (Ariz. Ct. App. 1976); *see also Fields v. McQueen*, No. CV 16-02863-PHX-GMS-MHB, 2019 WL 9463814, at *5 (D. Ariz. Dec. 3, 2019) ("The law in Arizona is clear that 'a malicious prosecution claim will not lie where a prosecuting attorney is left to judge the propriety of proceeding with the charge and acts on his own initiative in doing so.'") (quoting *Walsh*, 560 P.2d at 1252); *Cameron v. Gila Cnty.*, No. CV11-80-PHX-JAT, 2011 WL 2115657, at *5 (D. Ariz. May 26, 2011) (same); *Medrano v. City of Phoenix*, No. 1 CA-CV-13-0484, 2014 WL 5494931, at *4 (Ariz. App. Ct. 2014) ("In assessing whether a malicious prosecution claim is properly alleged, a person is a 'prosecutor' if he or she initiated the criminal prosecution without probable cause . . . or continued proceedings without probable cause.").

It is undisputed that the City received noise complaints about Plaintiff's business, raising the possibility that Arizona's public nuisance law, A.R.S. § 13-2917, was being violated. Defendant Stern started the City's investigation, but ultimately referred it to the Pinal County Attorney when Stern concluded that his office had a conflict of interest arising from other pending litigation between Plaintiff and the City. Doc. 89-4 at 2; Doc. 95-1 at 66. After the referral, the County Attorney's Office made the decision to prosecute Plaintiff. Plaintiff bears the burden of showing that Defendants influenced the County's decision. *Awabdy*, 368 F.3d at 1067.

Plaintiff argues that Defendant Stern engaged in wrongful conduct by "forwarding the matter to the county to ensure" Plaintiff's prosecution "out of personal and racial animosity." Doc. 94 at 3-4. Plaintiff cites deposition testimony "support[ing] his long-held belief that Stern harbors personal animosity toward him." *Id.* But Plaintiff presents no evidence that Defendant Stern pressured, directed, or influenced the County Attorney's Office to prosecute Plaintiff or to act contrary to its own independent judgment. *See Blankenhorn*, 485 F.3d at 482; *Bressi v. Ford*, 575 F.3d 891, 899 (9th Cir. 2009). Nor does Plaintiff present evidence that Defendant Stern presented information he knew to be false to the County Attorney's Office. *See Blankenhorn*, 485 F.3d at 482.

Upon arriving at the County Attorney's Office, the matter was assigned to Justice Court Bureau Chief Thomas McDermott. Doc. 89-2 at 6, 18; Doc. 95-1 at 66. McDermott testified that any charging decision was solely within the discretion of the Pinal County Attorney's Office, and that he made the decision to prosecute Plaintiff. Doc. 89-2 at 20-22. When asked whether Defendant Stern had "any involvement in your charging decision," McDermott testified "Absolutely not." *Id.* at 21. When asked whether Stern or the City "in any way influence[d] your decision to charge or prosecute [Plaintiff]," McDermott again responded "Absolutely not." *Id.* When asked whether he had "any recollection of Mr. Stern *trying* to influence your prosecution," he testified "None whatsoever." *Id.* at 33 (emphasis added). With respect to finding probable cause to proceed with the prosecution, McDermott testified that "no one else was involved in the decision but myself," and that he found "ample probable cause for numerous violations" of the state public nuisance statute. *Id.* at 22, 24.

The Pinal County Attorney, Kent Volkmer, reported back to the City after receiving the referral:

> Upon receipt and thorough review of all relevant police reports and evidence, this office independently chose to draft and file a Complaint on November 8, 2018, against Mehmood Mohiuddin . . . . In all, after reviewing the potential of dozens of allegations, it was this office's position that probable cause existed to file 15 distinct public nuisance violations spanning April to June 2018.

Doc. 89-5 at 2.

Plaintiff presents nothing to show that Stern or the City influenced the assessment of probable cause or the charging decision. Plaintiff does present evidence that Defendant Stern expressed racially derogatory views about Plaintiff, but he presents no evidence that those views were ever shared with the County or had any influence on McDermott's decision to prosecute. In fact, McDermott testified that he never heard Stern "make any racially disparaging remarks about [Plaintiff]." Doc. 89-2 at 33.

Summary judgment is warranted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 317. Because Plaintiff presents no evidence that Defendants influenced the County's decision to prosecute Plaintiff, they are not liable for malicious prosecution and summary judge must be entered in their favor.

### B.     Probable Cause.

Plaintiff must also prove that he was prosecuted "without probable cause." *Slade*, 541 P.2d at 552. "The law is well settled that the existence of probable cause is a complete defense to claims of . . . malicious prosecution." *Hockett v. City of Tucson*, 678 P.2d 502, 505 (Ariz. Ct. App. 1983)); *Lassitter v. City of Bremerton*, 556 F.3d 1049, 1054-55 (9th Cir. 2009) ("[P]robable cause is an absolute defense to malicious prosecution.").

Probable cause is defined as "a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused is guilty of the offense." *Gonzales v. City of Phoenix*, 52 P.3d 184, 187 (Ariz. 2002). "Whether a given state of facts constitutes probable cause is always a question of law to be determined by the court." *Slade*, 541 P.2d at 553; *see also Hopkins v. Bonvicino*, 573 F.3d 752, 762 (9th Cir. 2009).

Plaintiff makes two arguments in support of his claim that the prosecution lacked probable cause.

First, Plaintiff contends that the superior court's reversal of his conviction establishes a lack of probable cause. *Id.* at 8-9. The Court does not agree. The superior court provided this explanation for its decision:

> [U]pon independent grounds, the Court FINDS that there is not substantial evidence as to the specific culpability of this Defendant on the dates in question, such that no rational trier of fact, applying the correct law on liability and observing the legal distinction between an[] enterprise and an individual, could have found liability of this Defendant for each offense *beyond a reasonable doubt*, as required by A.R.S. § 13-2917(A)(l).

Doc. 89-9 at 5 (emphasis added).

Plaintiff conflates the County's burden of proof at trial with the requirement of probable cause. They are not the same. The County was required to prove Plaintiff's guilt at trial beyond a reasonable doubt. Probable cause requires far less, not even rising to a preponderance of the evidence. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) ("[P]robable cause means 'fair probability,' not certainty or even a preponderance of the evidence."). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983); *Merritt v. Arizona*, 425 F. Supp. 3d 1201, 1210 (D. Ariz. 2019). Thus, the fact that Plaintiff's conviction was overturned on appeal for lack of proof beyond a reasonable doubt says nothing about whether it was brought with probable cause.

Second, Plaintiff argues that the relevant probable cause inquiry asks "whether there was evidence that there had been a violation of the law." Doc. 94 at 8. Plaintiff asserts that Defendants lacked probable cause to believe Plaintiff's actions interfered with "the comfortable enjoyment of life or property . . . by a *considerable number* of persons" as required by the relevant public nuisance statute. *Id.* (citing A.R.S. § 13-2917(A)(1); emphasis added).

The superior court reversed Plaintiff's conviction on this issue, finding that the County failed to prove that Plaintiff's actions adversely affected a "considerable number of persons." Doc. 89-9 at 3. This appears to have been an issue of first impression, as the

- 7 -

superior court cited no case law on the issue of how many people are required for a "considerable number." *Id.* Plaintiff likewise cites no such case law, and the Court has found none.

Plaintiff does not dispute that eight neighbors complained about noise from his business and presented evidence at trial. Doc. 89-3 at 2. The superior court found "clear evidence that the Hitching Post was affecting some neighbors." *Id.* at 4. "Witnesses testified to their reactions due to the noise, such as having to close doors and windows and turn up the volume on their TV's to drown out the noise, having their sleep affected, being irritated by the noise, and replacing windows with double-paned windows in attempts to dampen the sound." *Id*. Given these facts, the Court cannot conclude that the prosecution lacked probable cause because it should have foreseen the appellate conclusion that eight neighbors is not a "considerable number." As noted above, "probable cause means 'fair probability,' not certainty or even a preponderance of the evidence." *Gourde*, 440 F.3d at 1069; *see also Gates*, 462 U.S. at 243 n.13. Complaints from eight neighbors that Plaintiff's business adversely affected them was sufficient to create a "fair probability" that the public nuisance statute had been violated. Given the lack of Arizona authority holding that some specific number of persons was needed to constitute a "considerable" number, the Court cannot find that probable cause was lacking.

Because the absence of probable cause is an essential element of Plaintiff's case and he has presented no evidence to establish that element, the Court will grant summary judgment on this basis as well. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009) ("[P]robable cause supported Smith's arrest for arson. For the same reason, probable cause supported Smith's prosecution. Thus, the district court correctly granted summary judgment for Sergeant Almada on Smith's malicious prosecution claim."); *Cullison v. City of Peoria*, 584 P.2d 1156, 1161 (Ariz. 1978) (affirming summary judgment on a malicious prosecution claim where there was no showing of a lack of probable cause); *see also Browder v. Cnty. of San Bernardino*, No. ED-CV-192306-JGB-SPX, 2022 WL

3365085, at *11 (C.D. Cal. Aug. 12, 2022) ("Because probable cause is an absolute defense to malicious prosecution, the malicious-prosecution claim fails[.]") (cleaned up).[2]

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 88) is **granted.** The Clerk's Office is directed to enter judgment accordingly and terminate this action.

Dated this 1st day of June, 2023.

David G. Campbell
Senior United States District Judge

---

[2] The Court grants summary judgment for Stern and the City based on the foregoing analysis, but notes that summary judgment in favor of Defendant Stern alone would be enough to grant summary judgment in favor the City as well. Plaintiff's claim against the City is based on vicarious liability (Doc. 10 ¶ 42), which necessarily depends on finding liability on the part of Defendant Stern. *See Mulligan v. Grace*, 666 P.2d 1092, 1094 (Ariz. Ct. App. 1983).